BOARD OF PUBLIC INSTRUCTION, DADE COUNTY, *et al.*, v. STATE, *ex rel.* J. W. FIELDHOUSE.

163 So. 881.
Opinion Filed November 2, 1935.

*Peters & Kemp,* for Plaintiffs in Error.

*Batchelor, Rinehart & Dyer,* for Defendant in Error.

DAVIS, J.—This was a mandamus proceeding to enforce payment of certain special tax school district bonds issued under date of May 2, 1925, by the Board of Public Instruction of Dade County, Florida, on behalf of Special Tax School District No. 2 of said county. The only defense interposed meriting discussion in this opinion is that presented by the following portion of the school board's return to the alternatve writ of mandamus:

"That it is not the duty of these respondents to pay and discharge the alleged bonds of the relator herein, as in and by said Alternative Writ these respondents are commanded to do, for that said bonds are not valid obligations of said Special Tax School District No. 2, of Dade County, Florida, but on the contrary were and are void *ab initio* in this, to-wit: That prior to the issuance and sale of said bonds

and on, to-wit, April 28, 1925, an election was held in Special Tax School District No. 2, of Dade County, Florida, for the purpose of determining by a vote of the duly qualified electors of said District, who were freeholders, whether said bonds should be issued and that at said election only one hundred eighty-nine (189) votes were cast in favor of the issuance of said bonds, whereas there were at said time more than three hundred seventy-seven (377) qualified electors of said Special Tax School District No. 2, who were freeholders, and these Respondents say that a majority of the qualified electors of said Special Tax School District No. 2, who were freeholders, have never at any time voted in favor of the issuance of relator's said bonds.

"WHEREFORE, these respondents pray that said Alternative Writ be discharged and said cause dismissed."

The Circuit Court overruled the foregoing special defense and awarded judgment for a peremptory writ the return to the contrary notwithstanding.

Section 17 of Article XII governs the issuance of special tax school district bonds and the portion of such section relevant to the present inquiry reads as follows:

"Section 17. The Legislature may provide for special tax school districts to issue bonds * * * whenever a majority of the qualified electors thereof who are freeholders shall vote in favor of the issuance of such bonds * * *."

It was the contention of the plaintiffs in error in the Circuit Court, and such is their contention here, that under the provisions of Section 17 of Article XII of the Constitution as above quoted, no special tax school district bonds can be validly issued in any district unless a majority of the qualified freeholders of such district not only participate in the bond election, but affirmatively vote in favor of the issuance of the bonds.

In the present case, the amended alternative writ of mandamus affirmatively averred that 203 votes were cast by the qualified electors of the district participating in the election, of which number *participating in the election,* 189 electors voted for the bonds, and 14 voted against the issue thereby giving in favor of bonds a majority of 175 votes *of those participating in the election.* To rebut this, the return alleged that although 203 voters did participate in the election, of which a majority of those participating voted in favor of bonds, yet there were nevertheless a total of 377 voters *qualified* to participate, and that 175 favorable votes out of a total number of 377 qualified votes, was not a sufficient number to carry the election in favor of the bonds* if a majority of those qualified to vote, and not a majority of those actually participating in the voting, is constitutionally required to carry the affirmative of the issue, under the peculiar language of Section 17 of Article XII as hereinbefore set forth.

We think that plaintiff in error's contentions on this subject must be overruled on the authority of the decision of this Court in Pickett v. Russell, 42 Fla. 116, 634, 28 Sou. Rep. 764, wherein the language of Sections 10 and 11 of Article XII of the Constitution to the effect that "whenever a majority of the qualified electors thereof * * * shall vote in favor of" a special tax school district levy a special district tax should be authorized, was construed to mean a requirement that a majority of the votes *of the qualified electors voting at an election* called under Sections 10 and 11 of Article XII was all that was required by those sec-

*Section 6 of Article IX of the Constitution, as amended in 1930, now controls this subject, but the bonds involved in this case were issued in 1925 before amended Section 6 of Article IX was adopted.

tions of the Constitution as construed by the enabling statute passed to put it into operation. The language of Section 17 of Article XII is in substance the same as that used in Sections 10 and 11 of Article XII.

We hold therefore that under Section 17 of Article XII of the Constitution of Florida special tax school district bonds were constitutionally authorized by the affirmative and approving majority of the votes cast in the bond election, even though a majority of the total number of electors qualified to participate in such election did not participate and therein affirmatively vote in favor of the issuance of the bonds.

Other questions raised and argued on the record but not specifically discussed in this opinion, have been examined, but found to constitute no cause for reversing the judgment which is accordingly affirmed.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

BROWN, J. (concurring).—I think the question above discussed was properly raised by respondent Board, in spite of the contention of relator that the Board was estopped by the recitals in the bonds. Estoppel cannot supply an absolute lack of power. See State v. Greer, 88 Fla. 249, 102 So. 739; Dixon County v. Field, 111 U. S. 83, 28 Law Ed. 360. But where a public body has lawful authority to issue bonds upon a condition precedent with power to decide whether the condition precedent has been complied with, their recital in the bonds that such condition has been complied with will ordinarily protect a *bona fide* purchaser for value. Chaffer County Commissioners, etc., v. Potter, 142 U. S. 355, 35 Law. Ed. 1040, 12 S. C. 216; Weinberger v. Board of Public Instr., 93 Fla. 470, 112 So. 253.